[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 31, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16397
Non-Argument Calendar
_____

Agency Nos. A79-497-927
A79-497-928

AMANDA VELASQUEZ,
CAMILO ARTURO OROZCO, et al.,

                                                      Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                      Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(May 31, 2006)**

Before DUBINA, BLACK and HULL, Circuit Judges.

PER CURIAM:

Petitioners Amanda Velasquez and Camilo Arturo Orozco, and their children, Sara Lorena Orozco and Juan Camilo Orozco seek review of the Board of Immigration Appeals' (BIA's) removal order and the BIA's order denying their motion to reconsider, also construed as a motion to reopen. We dismiss their petition as it relates to the removal order, and deny their petition as it relates to the motion to reconsider or motion to reopen.

## I. DISCUSSION

A. *Removal order*

Subject matter jurisdiction is reviewed de novo. *Brooks v. Ashcroft*, 283 F.3d 1268, 1272 (11th Cir. 2002). While we generally have jurisdiction to review final orders of removal, the petition for review must be filed within 30 days of the date of the final order of removal. 8 U.S.C. § 1252(a)(1) and (b)(1). "Since the statutory limit for filing a petition for review in an immigration proceeding is 'mandatory and jurisdictional,' it is not subject to equitable tolling." *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (citing *Stone v. INS*, 115 S. Ct. 1537, 1549 (1995)). A motion to reconsider filed with the BIA does not suspend the finality of the underlying BIA order and does not toll the review period. *Stone*, 115 S. Ct. at 1549 (construing the former 90-day period for filing a petition for review under 8 U.S.C. § 1105(a)).

2

The BIA's final order of removal in this case was issued when the BIA dismissed the Petitioners' appeal from the Immigration Judge's order of removal. Although Petitioners filed a timely motion to reconsider the BIA's dismissal of their appeal, the filing did not toll the limitations period for filing a petition for review. Because the Petitioners filed their petition for review more than 30 days after the BIA's removal order, we lack jurisdiction to review that order and dismiss their petition as to the removal order.

B. *Motion to reopen or reconsider*

The petition for review was timely with respect to the BIA's order denying Petitioners' motion to reopen or reconsider, and we have jurisdiction to review that order. We review the BIA's denial of a motion to reopen or reconsider for an abuse of discretion. *See Al Najjar v. Ashcroft*, 257 F.3d 1262, 1302 (11th Cir. 2001) (motion to reopen); *Assa'ad v. U.S. Attorney Gen.*, 332 F.3d 1321, 1341 (11th Cir. 2003) (motion to reconsider).

"A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior [BIA] decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1). A motion to reopen shall state "new facts" that would be proven at a new hearing, but "shall not be granted unless it appears to the [BIA] that evidence sought to be offered is material and was not

3

available and could not have been discovered or presented at the former hearing . . . ." 8 C.F.R. § 1003.2(c)(1).

The BIA did not abuse its discretion in denying Petitioners' motion to reconsider because they failed to specify any errors of law or fact in the BIA's decision. Additionally, the BIA did not abuse its discretion in denying the Petitioners' motion to reopen. First, the proffered new evidence, an affidavit from a law school professor, was not previously unavailable. Additionally, the affidavit was not material and would not have changed the results in the case because it did not address the IJ's findings that Velasquez's testimony and asylum application were inconsistent and vague. The affidavit merely summarized conditions in Colombia and provided no details regarding the Petitioners' specific claims. In fact, the professor acknowledged that he could not verify the truth of the Petitioners' claims.

## II. CONCLUSION

Accordingly, the Petitioners' petition for review of the BIA's removal order is dismissed, and their petition for review of the BIA's order denying their motion to reopen or reconsider is denied.

PETITION DISMISSED IN PART, DENIED IN PART.